UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZEOLA DUNCAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | No. 1:20-cv-01595-TWP-MPB |
| ) | |
| SHELLPOINT MORTGAGE SERVICING, ) | |
| ) | |
| ) | |
| Appellee. ) | |

## ENTRY DENYING MOTION TO RECONSIDER, SETTING BRIEFING SCHEDULE, AND ADDRESSING APPELLANT'S NOTICE

**I.**

This matter is before the Court on several matters. Appellant Zeola Duncan ("Duncan") has filed a Motion to Reconsider. (Dkt. 14.) On June 9, 2020 Duncan filed a Notice of Appeal from Bankruptcy Court. (Dkt. 1.) On July 28, 2020 Appellee Shellpoint Mortgage Servicing ("Shellpoint") filed a Motion for Extension of Time, stating it was unsure whether Duncan had filed a brief. (Dkt. 10.) The Court denied Shellpoint's motion because "appellant has not yet served or filed a brief in this matter," and therefore "no responsive brief from appellee is due at this time." (Dkt. 12.) Duncan asks the Court to "reconsider the order to set aside the appellant brief." (Dkt. 14 at 3.) However, the Court has not set aside Duncan's appellant brief, accordingly, Duncan's Motion to Reconsider is, dkt. [14], is **DENIED**.

**II**.

It appears that Duncan's appellant brief was filed on August 18, 2020, attached to her Motion to Reconsider, at Dkt. 14-2. Because the appellant brief was buried on the docket, Shellpoint may have until **Tuesday, October 13, 2020**, within which to file a responsive brief.

1

**III**.

Also before the Court is a filing titled "Fraud on the Courts " which indicates that Duncan is filing a "notice of fraud on the courts". (Dkt. 17 at 1). In that filing Duncan asks the Court to "vacate the sale and hold the defendants in violations of the Federal Bankruptcy proceedings (sic throughout)." *Id.* at 3. The document argues that "the defendant should be held liable for giving a summary of the Creditor's proof of claim on form 410a/3001a; instead of an itemization. They are to be held liable for miss-leading information, saying that I did not file a brief in the appellant proceedings (sic throughout)." *Id.* at 2. The Notice has not been docketed as a Motion, therefore, the Court need not issue a ruling.

If Duncan desires a ruling on this document, she should re-file it in the form of a Motion, and cite to the specific rule upon which she seeks relief. For example, if she contends that she is entitled to relief pursuant to Federal Rule of Civil Procedure 60(d)(3), she should cite to this specific rule.[1]

**SO ORDERED.**

Date:   9/11/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] Federal Rule of Civil Procedure 60(d)(3) allows a court to vacate a judgment on the grounds of fraud, misrepresentation, or other misconduct of an adverse party, if the moving party can meet the burden of showing by clear and convincing evidence that a judgment or verdict is based on fraud on the court. The existence of fraud on the court depends on the circumstances of the particular case, however, fraud on the court must be perpetrated by an officer of the court such as attorney or someone working at the court. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). Even if Duncan's allegations in her Notice were true, they would not meet the high bar required for a finding of fraud on the court pursuant to Fed. R. Civ. P. 60(d)(3).

Distribution:

ZEOLA DUNCAN
11735 E 181st Street
Noblesville, IN 46060

Phillip A. Norman
PHILLIP A. NORMAN, P.C.
pnorman@mlg-defaultlaw.com

Gregory A. Stout
REISENFELD & ASSOCIATES LPC LLC
gregg.stout@rslegal.com