UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZEOLA DUNCAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-01595-TWP-MG |
| ) | |
| SHELLPOINT MORTGAGE SERVICING, ) | |
| ) | |
| Appellee. ) | |

**ENTRY DISMISSING BANKRUPTCY APPEAL FOR LACK OF JURISDICTION**

This matter is before the Court on *pro se* Appellant Zeola Duncan's ("Duncan") appeal of an order dismissing her Chapter 13 bankruptcy case. In its appellee brief, Appellee Shellpoint Mortgage Servicing ("Shellpoint") contends, among other things, that Duncan's notice of appeal was untimely, divesting this Court of jurisdiction to consider the appeal (*see* Filing No. 19 at 12). Because the Court agrees, Duncan's appeal is **dismissed** for lack of jurisdiction.

### I. LEGAL STANDARD

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1). "An appeal under subsections (a) and (b) of this section shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Bankruptcy Rule 8002 establishes that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." "The notice of appeal must: (A) conform substantially to the appropriate Official Form; (B) be accompanied by the judgment, order, or decree, or the part of it, being appealed; and (C) be accompanied by the prescribed fee." Federal Rule of Bankruptcy Procedure 8003(a)(3).

"When a party appeals a bankruptcy court's decision under 28 U.S.C. § 158(a), district courts review a bankruptcy court's factual findings for clear error, and legal conclusions and the legal significance accorded to facts *de novo*." *In re Brown*, 444 B.R. 173, 175 (S.D. Ind. 2011) (citing *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010)). The clearly erroneous standard is a highly deferential one. *Peoples State Bank v. Port Royal Aggregates, Inc.*, 193 B.R. 1020, 1022 (S.D. Ind. 1996). "Under this standard, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as trier of fact." *Id.* (citation omitted). Indeed, a factual finding is only clearly erroneous when the district court is "left with the definite and firm conviction that a mistake has been committed." *In re Sheridan*, 57 F.3d 627, 633 (7th Cir. 1995); *In re Brown*, 444 B.R. at 175. In contrast, *de novo* review requires an independent examination of the applicable law without deference to the bankruptcy court's conclusions. *In re Brown*, 444 B.R. at 175.

## II.   DISCUSSION

The United States Bankruptcy Court for the Southern District of Indiana granted a motion to dismiss Duncan's bankruptcy case on May 20, 2020, and Duncan filed a notice of appeal twenty days later, on June 9, 2020 ([Filing No. 7 at 6](#)). In its appellee brief, Shellpoint contends that because Bankruptcy Rule 8002 demands that a notice of appeal be filed within fourteen days, this Court lacks jurisdiction to hear this appeal ([Filing No. 19 at 12](#)–13). The Court agrees. Failure to comply with Rule 8002 regarding the timely filing of the notice of appeal is jurisdictional, not simply procedural. *See In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016) ("[T]he failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal."); *In re Salem*, 465 F.3d 767, 774 (7th Cir. 2006) (Rule 8002 "is more than merely procedural; it is jurisdictional"); *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 689 (7th Cir. 1992) (finding no

district court jurisdiction in the absence of a timely notice of appeal from the bankruptcy court); *In re Shah*, 546 B.R. 398, 402–03 (Bankr. E.D. Wis. 2016) (collecting cases that note the time limitation set in Rule 8002 is jurisdictional). And unlike some bankruptcy rules—like, for example, Bankruptcy Rule 8009, requiring the timely filing of a "a designation of the items to be included in the record on appeal and a statement of the issues to be presented"—which may be suspended in the interest of expediting decision, Rule 8002 cannot be suspended by the district courts. Bankruptcy Rule 8028 provides that "[i]n the interest of expediting decision or for other cause in a particular case, the district court . . . may suspend the requirements or provisions of the rules in Part VIII, except Rules 8001, 8002 . . . ." *See, e.g.*, *Lynn v. Pry,* No. 4:15-CV-29-TWP, 2015 WL 7096637, at *5 (S.D. Ind. Nov. 13, 2015) ("Nevertheless, even assuming there was a violation of Rule 8009, this Court is not convinced that dismissal of the appeal is warranted for this reason."). Thus, district courts cannot suspend the requirements of Rule 8002 regarding timely filing a notice of appeal.

> As recently summarized by the Seventh Circuit in a procedurally similar case,
>
> The 14-day rule comes from Federal Rule of Bankruptcy Procedure 8002(a)(1) and implements the statutory directive from 28 U.S.C. § 158(a)(1).… [T]his 14-day appeal period is therefore jurisdictional and mandatory. The Pansiers filed their notice of appeal 28 days after the deadline, so the district court never possessed jurisdiction over the bankruptcy court's order. Because the district court had no jurisdiction over the appeal, we must vacate its judgment and remand with instructions to dismiss.

*Pansier v. United States*, 821 F. App'x 642, 643 (7th Cir. 2020) (internal citations omitted). Bankruptcy Rule 8002 is plainly jurisdictional, and without a proper and timely notice of appeal, the Court is left with no jurisdiction over the bankruptcy appeal and cannot reach the merits. While excusable neglect may provide a narrow window to seek an extension of time after the fourteen-day deadline has expired, (*see* Rule 8002), Duncan never requested such an extension with the bankruptcy court. Rule 8002 "allows the bankruptcy court to extend the time to appeal due to

3

excusable neglect upon a motion filed within 21 days after the 14-day period has expired," but "there are no equitable exceptions to a jurisdictional requirement" in the district court. *In re Sobczak-Slomczewski*, 826 F.3d at 432. In other words, since Duncan "did not timely seek additional time from the bankruptcy court, [this Court has] no jurisdiction to consider such a request," even if it were so inclined. *Id.*[1]

In sum, "under the jurisdiction-granting statute, 28 U.S.C. § 158, failure to file a timely appeal deprives a district court of jurisdiction," and this Court cannot "make equitable exceptions to jurisdictional requirements." *Pansier*, 821 F. App'x at 643 (citations omitted). Because an adequate notice of appeal was not timely filed, the Court does not have jurisdiction to consider this bankruptcy appeal, and the case must be dismissed.

### III.   CONCLUSION

For the foregoing reasons, this bankruptcy appeal is **dismissed** for lack of jurisdiction. Accordingly, all pending motions are **dismissed as moot**. Final Judgment to issue by separate order.

**SO ORDERED.**

Date: 9/14/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Zeola Duncan
11735 East 181st Street
Noblesville, Indiana  46060

---

[1] In any event, the only justification provided by Duncan for the untimely filing is that "[t]he appeal process required the order of the judge to be used" and "[t]he window for the judge to change the ruling was 30 days." (Filing No. 20 at 9.) It is unclear to the Court where Duncan finds support for this "thirty-day window" for purported alteration of the judgment (no citation is provided), and Duncan has not pointed to any interceding motions under the bankruptcy court's consideration. It was Duncan's responsibility to track and comply with the deadlines as contemplated by the Bankruptcy Rules: parties must "monitor the progress of their cases by checking the court's docket," and failure to do so "does not provide grounds for excusable neglect or warrant an extension of time." *In re Delaughter*, 295 B.R. 317, 320 (Bankr. N.D. Ind. 2003). In short, ignorance of the court's docket is not excusable neglect. *Id.*

4

Phillip A. Norman
PHILLIP A. NORMAN, P.C.
phillip.norman@normanattorney.com

Gregory A. Stout
REISENFELD & ASSOCIATES LPC LLC
gregg.stout@rslegal.com